**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 22, 2013

LETTER TO COUNSEL:

      RE:    *Charles Robert Jackson v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-704

Dear Counsel:

      On March 16, 2011, the Plaintiff, Charles Robert Jackson, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 22). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Mr. Jackson filed his claim on June 22, 2007, alleging disability beginning on September 1, 2006. (Tr. 94-105). His claim was denied initially on September 7, 2007, and on reconsideration on March 13, 2008. (Tr. 52-55, 57-65). A hearing was held on November 19, 2008 before an Administrative Law Judge ("ALJ"). (Tr. 26-47). Following the hearing, on June 2, 2009, the ALJ determined that Mr. Jackson was not disabled during the relevant time frame. (Tr. 13-25). The Appeals Council denied Mr. Jackson's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Jackson suffered from the severe impairments of diabetes mellitus, sleep apnea, depression, bipolar disorder, obesity, and substance use disorder. (Tr. 15). Despite these impairments, the ALJ determined that Mr. Jackson retained the residual functional capacity ("RFC") to:

> perform simple, routine sedentary to light work as defined in 20 CFR 404.1567 (a and b) and 416.967(a and b) except he would need the ability to shift positions for relief of postural discomfort and perform jobs in positions away from excessive pulmonary irritants.

(Tr. 18). At the hearing, the ALJ asked two hypothetical questions to the vocational examiner ("VE"), the first of which contained limitations relating to ability to stay awake during the workday and the second of which did not. (Tr. 43-44). After considering the testimony of the VE, the ALJ determined that Mr. Jackson could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 24-25).

*Charles Robert Jackson v. Commissioner, Social Security Administration*
Civil No. SAG-11-704
January 22, 2013
Page 2

  Mr. Jackson raises a single issue on appeal. He contends that the ALJ's second hypothetical question to the VE, which ultimately comported with the RFC adopted by the ALJ, did not incorporate any of the limitations caused by Mr. Jackson's sleep apnea. (Tr. 15, 18). Mr. Jackson is correct that the ALJ did not accept as credible his alleged need to nap for an hour and/or fall asleep during the work shift. However, contrary to his allegations, the ALJ did consider limitations regarding sleeping and the alleged inability to stay awake, but ultimately rejected the VE's testimony in response to his first hypothetical that had included such limitations. (Tr. 38-40, 44, 274-76).

  The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). In Mr. Jackson's case, the ALJ provided extensive analysis of the reasons for rejecting sleep apnea limitations, including citation to medical evidence. (Tr. 19). The evidence cited by the ALJ indicates that Mr. Jackson did not follow the sleep apnea treatment prescribed by Dr. Whitesell, and did not return for follow-up treatment. *Id.* The ALJ's second hypothetical adequately addressed the limitations which the ALJ accepted. Because the ALJ's hypothetical was supported by substantial evidence, there is no basis for remand.

  For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 22) will be GRANTED. The Clerk is directed to CLOSE this case.

  Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.


              Sincerely yours,

                /s/

              Stephanie A. Gallagher
              United States Magistrate Judge